*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 24-PR-0868

IN RE ESTATE OF DORA ALICIA GRIJALVA; JUDITH DEL CUADRO-ZIMMERMAN, APPELLANT.

Appeal from the Superior Court
of the District of Columbia
(2023-ADM-000353)

(Hon. Leslie A. Meek, Trial Judge)

(Submitted March 11, 2026                    Decided April 23, 2026)

*Judith del Cuadro-Zimmerman* for appellant.

Before EASTERLY and SHANKER, *Associate Judges*, and GLICKMAN, *Senior Judge*.

EASTERLY, *Associate Judge*: Attorney Judith del Cuadro-Zimmerman served as the guardian and conservator for Dora Alicia Grijalva for several years before Ms. Grijalva's death, after which Ms. del Cuadro-Zimmerman became a creditor of Ms. Grijalva's estate for alleged "unpaid [expenses] . . . for work performed while serving as [g]uardian/[c]onservator."  Based on her creditor status, Ms. del Cuadro-Zimmerman sought to be appointed as the personal representative of Ms. Grijalva's estate in March 2024.  *See* D.C. Code § 20-303(a)(1)(J) (directing that the trial court

"shall . . . appoint personal representatives . . . according to the following order of priority" and then listing as tenth "the largest creditor of the decedent who applies for administration"). She now appeals the Superior Court's July 2024 denial of her petition on the ground that her status as a creditor presented a conflict of interest. For the reasons set forth below, we reverse and remand.

In ruling on Ms. del Cuadro-Zimmerman's March 2024 petition, the Superior Court appeared to determine that Ms. del Cuadro-Zimmerman was categorically ineligible to serve as the personal representative of Ms. Grijalva's estate. Although the court acknowledged Ms. del Cuadro-Zimmerman's reliance on D.C. Code § 20-303(a)(1)(J), the court determined that she had disregarded the court's directive in a prior order "to 'seek the appointment of a disinterested member of the Bar' on any subsequently filed petition."[1] Citing D.C. Code § 20-702 for the proposition that a personal representative serves "[a]s a fiduciary . . . [with] a duty to take all

---

[1] The court issued this directive in its August 2023 order denying an earlier petition for appointment based on the court's concern that Ms. del Cuadro-Zimmerman had failed to show that Ms. Grijalva had been domiciled in the District. In its January 2024 order denying reconsideration of its August 2023 order, however, the court appeared to retract its determination that Ms. del Cuadro-Zimmerman's status as an "interested" creditor was an impediment to her petition. *See* Order Denying Motion for Reconsideration at 1 (acknowledging that Ms. del Cuadro-Zimmerman "may qualify for appointment as she is the largest creditor of the [e]state" pursuant to D.C. Code § 20-303(a)(1)(J), but concluding that its concerns about Ms. Grijalva's domicile had not been sufficiently addressed).

steps necessary to protect and preserve the estate in the personal representative's possession," the court stated that "a potential conflict of interest arises from a creditor serving as Personal Representative because proper administration of the Estate may conflict with the interests of the creditor." The court further observed that "[t]he possible conflict of interest arising from a creditor administering estate assets is only exacerbated and complicated when the creditor was formerly tasked with being the decedent's guardian and conservator."

The court's ruling presents a question of statutory interpretation which we review de novo. *See In re Estate of Kittrie*, 318 A.3d 1200, 1203 (D.C. 2024) (reviewing a question of law de novo); *In re Estate of Wilson*, 935 A.2d 323, 326 (D.C. 2007) (reviewing a statutory interpretation issue de novo). We focus on Section 20-303, which identifies in descending priority the list of potential candidates for appointment as the personal representative of an estate: "(A) the personal representative or representatives named in a will admitted to probate"; "(B) the surviving spouse, domestic partner, or children of an intestate decedent or the surviving spouse or domestic partner of a testate decedent"; "(C) the residuary legatees"; "(D) the children of a testate decedent"; "(E) the grandchildren of the decedent"; "(F) the parents of the decedent"; "(G) the brothers and sisters of the decedent"; "(H) the next of kin of the decedent"; "(I) other relations of the decedent"; "(J) the largest creditor of the decedent who applies for administration";

and "(K) any other person." D.C. Code § 20-303(a)(1)(A-K). The statute also expressly excludes certain persons from appointment as a personal representative even if they fall within the categories set forth in Section 20-303(a)(1). *See id.* § 20-303(b) (excluding any person who has renounced their right to administer the decedent's estate, is under eighteen, has a mental illness or is under conservatorship, has been convicted of a felony or the equivalent thereof in the District, is an "alien who has not been lawfully admitted for permanent residence," is a judge or a D.C. courts employee without a specified familial relationship to the decedent, or is a nonresident of D.C. who has not filed an irrevocable power of attorney authorizing service on the Register of Wills).

It appears undisputed that Ms. Grijalva died intestate and had no surviving relatives by blood or marriage at the time Ms. del Cuadro-Zimmerman filed the petition at issue,[2] and thus there were no individuals with higher priority for appointment as personal representative under D.C. Code § 20-303(a)(1) than "the

---

[2] At the time Ms. del Cuadro-Zimmerman filed her initial petition, Ms. Grijalva's sister was still alive, although Ms. del Cuadro-Zimmerman represented that she had been deemed incapacitated. Ms. del Cuadro-Zimmerman obtained from Ms. Grijalva's sister both a waiver of statutory priority and the nomination of Ms. del Cuadro-Zimmerman to serve as personal representative of Ms. Grijalva's estate. *See* D.C. Code § 20-303(c-1) (permitting "heirs of an intestate decedent [to] nominate by writing a person to act as personal representative").

largest creditor of the decedent who applies for administration."[3]    *Id.* § 20-303(a)(1)(J).   Moreover, as the only creditor who applied to be the personal representative of Ms. Grijalva's estate, Ms. del Cuadro-Zimmerman was necessarily "the largest creditor of the decedent *who applie[d]* for administration."   *Id.* (emphasis added).   Lastly, none of the exclusions under D.C. Code § 20-303(b) pertained to Ms. del Cuadro-Zimmerman.   *See supra*.   Thus, pursuant to the plain language of the statute, Ms. del Cuadro-Zimmerman was eligible to be appointed as Ms. Grijalva's personal representative.   *See id.* § 20-303(a)(1)(J); *see also In re Estate of Barnes*, 754 A.2d 284, 286 n.2 (D.C. 2000) (confirming that "where persons with higher priority are not available, the court may appoint as personal representative the largest creditor of the decedent who applies for administration" (citation modified)); *id.* at 286 n.3 ("Under D.C. Code § 20-303(a)(1)(J) . . . a creditor need not be a judgment creditor, or even a secured creditor, in order to serve

---

[3] Even though Ms. Grijalva's sister was Ms. Grijalva's heir, we do not understand the personal representative for Ms. Grijalva's sister's estate to precede Ms. del Cuadro-Zimmerman in priority for appointment under D.C. Code § 20-303(a)(1).   First, as noted above, Ms. Grijalva's sister waived her statutory priority and nominated Ms. del Cuadro-Zimmerman.   Even if that waiver and nomination expired upon Ms. Grijalva's sister's death, we see no category under Section 20-303(a)(1) which would give the personal representative for Ms. Grijalva's sister's estate priority over Ms. del Cuadro-Zimmerman.   More specifically, the statute lists "the brothers and sisters of the decedent," but does not list the personal representatives of their estates.   *See supra*.

as the decedent's personal representative.").

The Superior Court's determination that Ms. del Cuadro-Zimmerman categorically could not serve as the personal representative because of her "potential conflict of interest as a creditor" is irreconcilable with the plain language of D.C. Code § 20-303(a)(1)(J), which allows "interested" creditors to serve as personal representatives. To the extent the court sought to rely on D.C. Code § 20-702, that reliance was misplaced. Section 20-702 sets forth only the duties of a personal representative (which we agree are fiduciary in nature[4]); it does not speak to who may serve in that role. Instead, guidance on that front is provided exclusively in Section 20-303, and, as discussed, no provision in that statute stood in Ms. del Cuadro-Zimmerman's way. To the contrary, the fact that creditors are expressly included in the list set forth in D.C. Code § 20-303(a)(1) makes clear that the Council of the District of Columbia determined that such individuals generally can fulfill their fiduciary duties notwithstanding their "interested" status.[5]

---

[4] *See* D.C. Code § 20-701(a)("A personal representative, whether supervised or unsupervised, is a fiduciary . . .").

[5] We note that the Council put in place other mechanisms to guard against a personal representative's "[i]mproper exercise of power" by, for example, making a personal representative "liable for breach of fiduciary duty to interested persons for resulting damage or loss to the same extent as a trustee of an express trust," D.C. Code § 20-743, and by authorizing the court to set aside certain self-dealing transactions, *id.* § 20-743.01.

Nor do we agree with the Superior Court that Ms. del Cuadro-Zimmerman is categorically in a worse position vis à vis other creditors because her status as such derives from her service as Ms. Grijalva's guardian and conservator. If the Council wanted to disqualify these sorts of creditors from serving as a personal representative of a decedent's estate, it could have done so. It did not. *See* D.C. Code § 20-303(b); *see also* Report on Bill No. 3-91 before the Committee on the Judiciary, Council of the District of Columbia, at 12 (Mar. 12, 1980) (explaining that "[b]ecause [subsection (b)] define[s] competency to serve as personal representative, any person not specifically excluded may be appointed personal representative").

None of this is to say that the Superior Court had to appoint Ms. del Cuadro-Zimmerman if it had individualized, for-cause concerns that she could not fulfill her fiduciary duty as personal representative to Ms. Grijalva's estate. *See* D.C. Code § 20-303(d) ("The Court may, for good cause shown, vary from the order of priority to letters set forth in subsection (a)"). But we see no indication on this record that the court had such concerns about Ms. del Cuadro-Zimmerman, much less that it made such findings about her.

For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.

*So ordered.*